STATE OF NORTH CAROLINA v. JAMES HUBERT WYATT

No. 7123SC57

(Filed 24 February 1971)

Criminal Law § 51— expert testimony — failure to qualify handwriting expert — harmless effect

Although the State's witness had not been formally tendered and accepted as an expert in handwriting analysis, his opinion testimony that the defendant had forged the signature on a check was not prejudicial to the defendant, where there was sufficient evidence establishing the witness' qualification as an expert in handwriting analysis.

APPEAL by defendant from *Seay, J.,* August 1970 Regular Mixed Session of WILKES Superior Court.

The defendant James Hubert Wyatt, an indigent, was charged in a two-count bill of indictment, proper in form, with forgery and uttering a forged instrument. The defendant pleaded not guilty. At the close of the State's evidence the court allowed the defendant's motion for judgment as of nonsuit on the count charging uttering a forged instrument. The jury found the defendant guilty of forgery as charged in the first count of

the bill of indictment. From a judgment of imprisonment of five to seven years, the defendant appealed to the North Carolina Court of Appeals.

*Attorney General Robert Morgan and Assistant Attorney General R. S. Weathers for the State.*

*Jerry D. Moore for defendant appellant.*

HEDRICK, Judge.

Defendant brings forth two assignments of error which may be considered together as presenting one question: Did the court commit prejudicial error in allowing the solicitor to refer to the witness, James R. Durham, as an expert, and by allowing him to give his opinion as an expert that the alleged forged signature was written by the defendant when he had not been formally tendered and found by the court to be an expert in the field of handwriting analysis?

Defendant, in his brief, candidly admits that our Supreme Court has held that the decision of the trial court to allow a witness to testify as an expert after the witness has been tendered by the State as such is tantamount to the trial court finding that the witness is an expert in the field of his testimony. *State v. Moore,* 245 N.C. 158, 95 S.E. 2d 548 (1956) ; *Teague v. Power Co.,* 258 N.C. 759, 129 S.E. 2d 507 (1963).

The defendant contends, however, that these cases are inapplicable to the instant case because there was no formal tender by the State of the witness as an expert. This contention is without merit. The record on appeal is replete with testimony establishing the witness' qualifications as an expert in the field of handwriting analysis. While the better practice would have been for the State to have tendered the witness as an expert, and for the court to have ruled on the tender, we do not feel that a failure to do so under the facts of this case prejudiced the defendant in any way. *State v. Perry,* 275 N.C. 565, 169 S.E. 2d 839 (1969).

We hold that there was no prejudicial error committed in the defendant's trial.

No error.

Judges CAMPBELL and BRITT concur.